UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFTON DWIGHT LEE, | ) | Case No. CV 12-4018-R (JEM) |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | DISMISSING COMPLAINT WITH LEAVE |
| | ) | TO AMEND |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 10, 2012, Clifton Dwight Lee ("Plaintiff"), a federal prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

**SCREENING STANDARDS**

In accordance with the provisions governing <u>in forma pauperis</u> proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>,

901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable.  Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility.  Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by

1  amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also

2  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

3        After careful review and consideration of the Complaint under the relevant standards

4  and for the reasons discussed below, the Court finds the Complaint must be **DISMISSED**

5  **WITH LEAVE TO AMEND.**

6                              **PLAINTIFF'S ALLEGATIONS**

7        Plaintiff alleges the following in the Complaint:

8        Plaintiff is a prisoner who, at all relevant times, was incarcerated at the Federal

9  Correctional Institution at Lompoc ("FCI-Lompoc").

10        Plaintiff has a variety of medical problems, including injuries to his right shoulder,

11  right ankle, and left knee.  Prior to arriving at FCI-Lompoc, he underwent surgery at another

12  federal prison.  "Lompoc medical staff" has repeatedly denied Plaintiff proper mobility

13  equipment and other undefined medical care.  (Complaint at 5.)

14        Plaintiff asks the Court to release him from custody so that he can seek his own

15  medical care, settle an apparently ongoing federal tort claim, require the government to

16  provide him with medical care while he remains in custody, and award him compensatory

17  and punitive damages.  (Complaint at 6.)

18                                    **DISCUSSION**

19        The Court, having reviewed the Complaint pursuant to the standards set forth above,

20  has determined that Plaintiff's claims do not withstand screening for the following reasons:

21  **I.    Sovereign Immunity**

22        Plaintiff names as Defendants the United States of America, the Federal Bureau of

23  Prisons ("BOP"), Linda Sanders, Warden of FCI-Lompoc, Saldana, "Director" at FCI-

24  Lompoc, and R. Gross, a physician at FCI-Lompoc, all purportedly in their individual and

25  official capacities.

26        A suit against the BOP and the individual Defendants in their official capacities is

27  tantamount to a suit against the United States.  As a sovereign, the United States is immune

28  from suit unless it expressly waives its immunity and consents to be sued.  Gilbert v.

1  DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). The United States has not waived its

2  sovereign immunity for suits seeking money damages under Bivens.  Arnsberg v. United

3  States, 757 F.2d 971, 980 (9th Cir. 1984) (". . . Bivens does not provide a means of cutting

4  through the sovereign immunity of the United States itself."); Cato v. United States, 70 F.3d

5  1103, 1110 (9th Cir. 1995).  Thus, Plaintiff cannot bring a civil rights claims for damages

6  against the United States, the BOP, or the individual Defendants in their official capacities

7  because they are immune from suit.  See Gilbert, 756 F.2d at 1458.

8       If Plaintiff chooses to file an amended complaint, he should not name the United

9  States, the BOP, any other federal agency, or any federal employee in his official capacity

10 as defendants to any claim for damages.  See Consejo de Desarrollo Economico de

11 Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007); Bruns v. National

12 Credit Union Admin., 122 F.3d 1251, 1255 (9th Cir. 1997); Vaccaro v. Dobre, 81 F.3d 854,

13 857 (9th Cir. 1996); Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994).

14 **II.    Plaintiff Must Allege His Claims With Sufficient Specificity**

15      Rule 8(a) of the Federal Rules of Civil Procedure requires sufficient allegations to put

16 the defendants fairly on notice of the claims against them.  It states:

17           A pleading which sets forth a claim for relief . . . shall contain (1) a short and

18           plain statement of the grounds upon which the court's jurisdiction depends, unless

19           the court already has jurisdiction and the claim needs no new grounds of jurisdiction

20           to support it, (2) a short and plain statement of the claim showing that the pleader is

21           entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

22 Id.  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

23 exceptions."  Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002).  "Each averment of a

24 pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e).

25      Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff

26 nonetheless must allege a minimum factual and legal basis for each claim that is sufficient

27 to give each defendant fair notice of what plaintiff's claims are and the grounds upon which

28 they rest.  Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

1   Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a

2   complaint that applies even if the claims in a complaint are not found to be wholly without

3   merit.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. North

4   Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).

5       Here, the Complaint does not contain a short and plain statement of Plaintiff's claims

6   sufficient to provide each defendant with notice of their allegedly wrongful acts.  See, e.g.,

7   Brazil, 66 F.3d at 199.  Plaintiff has not clearly identified the particular affirmative acts or

8   omissions perpetrated by each individual defendant that caused the deprivation of

9   constitutional rights of which plaintiff complains.  Plaintiff's allegations are vague,

10  conclusory, often unintelligible, and lack sufficient particularity to put each individual on

11  notice of the claims against him.

12      Plaintiff must allege how each individual defendant personally participated in the

13  deprivation of constitutional rights.  To state a claim against a particular defendant for

14  violation of his civil rights, Plaintiff must allege facts demonstrating that each defendant,

15  acting under color of state law, deprived Plaintiff of a right guaranteed under the Constitution

16  or a federal statute.  Karim-Panahi, 839 F.2d at 624.  "A person deprives another 'of a

17  constitutional right, within the meaning of section 1983, if he does an affirmative act,

18  participates in another's affirmative acts, or omits to perform an act which he is legally

19  required to do that causes the deprivation of which [the plaintiff complains].'"  Leer v.

20  Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743

21  (9th Cir. 1978)).

22      Accordingly, the Complaint must be dismissed with leave to amend for failure to state

23  a claim and failure to comply with Fed. R. Civ. P. 8.  If Plaintiff elects to file an amended

24  complaint, he must state specific facts demonstrating how each defendant violated his

25  federal constitutional rights.

26  **III.   Legal Standards for Deliberate Indifference Claim**

27      A government actor is "deliberately indifferent" only if he "knows of and disregards an

28  excessive risk to inmate health or safety; the official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1970).  Deliberate indifference may be manifested by the intentional denial, delay, or interference with the plaintiff's medical care, or by the manner in which the medical care was provided.  <u>See Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976); <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1165 (9th Cir. 1999); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997).  However, the defendant must purposefully ignore or fail to respond to the plaintiff's pain or medical needs.  <u>See McGuckin</u>, 974 F.2d at 1060.  Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more), nor a difference of opinion over proper medical treatment, is sufficient to violate the Eighth Amendment.  <u>See Estelle</u>, 429 U.S. at 105-06; <u>Wakefield</u>, 177 F.3d at 1165; <u>see also</u> <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Shapley v. Nevada Bd. of State Prison Commissioners</u>, 766 F.2d 404, 407 (9th Cir. 1985).

If Plaintiff chooses to file an amended complaint, he must allege additional facts to support his claim that demonstrate deliberate indifference.

\* \* \* \* \* \* \* \* \*

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.  Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the factual basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; (4) be complete in and of itself without reference to the previous Complaint or any other pleading, attachment or document; and (5)

1   **be signed and dated by Plaintiff**.  The Clerk is directed to provide Plaintiff with a blank

2   Central District of California civil rights complaint form, which Plaintiff must fill out completely

3   and resubmit.

4          **Plaintiff is admonished that, if he fails to file a First Amended Complaint by the**

5   **deadline set herein, the Court will recommend that this action be dismissed on the**

6   **grounds set forth above for failure to prosecute and for failure to comply with a Court**

7   **order.**

8

9   DATED: <u>September 27, 2012</u>                    <u>    /s/ John E. McDermott    </u>

10                                                      JOHN E. MCDERMOTT
                                                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28